```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
FRANK TROCCHIO,                                       :
                                                      :
                              Plaintiff,              :
                                                      :         25-CV-5325 (VSB)
                -against-                             :
                                                      :              ORDER
EMPANADA MAMA LLC, et al.,                            :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

  On June 26, 2025, Plaintiff Frank Trocchio commenced this action by filing a Complaint against Defendants Empanada Mama LLC, Hermes 558 LLC, and 558 Seventh Ave Corp. (Doc. 1 ("Compl.").) Plaintiff's Complaint states: "Venue is proper in this Judicial District pursuant to 28 U.S.C.S. § 1402(b) – diversity jurisdiction." (Compl. ¶ 1.) Although venue and jurisdiction are two separate requirements and 28 U.S.C. § 1402(b) is inapplicable to a suit against private entities, such as this one, I construe Plaintiff's Complaint as alleging that this Court has diversity-of-citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332. As the Complaint fails to allege the citizenship of any party, it does not establish that this court has jurisdiction over the action, and the Complaint is therefore DISMISSED without prejudice and with leave to replead.

  Diversity of citizenship exists where an action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The Complaint alleges that Plaintiff resides in Chicago, Illinois, and is "a citizen of the United States of America." (Compl. ¶ 2.) The Complaint identifies Defendant Empanada Mama LLC as a limited liability company organized under New York law that maintains an address in New York, Defendant

1

Hermes 558 LLC as a limited liability company organized under New York law that maintains an address in New York, and Defendant 558 Seventh Ave Corp as a corporation organized under New York law that maintained an address in New York.  (*Id.* ¶¶ 3–8.)

These allegations fail to establish the citizenship of any party to this action.  First, the Complaint identifies that Plaintiff resides in Illinois and is a citizen of the United States of America.  "For an individual, citizenship depends on the state in which that person is domiciled, meaning that 'place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'"  *Roche Cyrulnik Freedman LLP v. Cyrulnik*, 582 F. Supp. 3d 180, 187 (S.D.N.Y. 2022) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)).  Although a party's place of residence factors into the analysis of their domicile, "a party can reside in one place and be domiciled in another."  *Kennedy v. Trustees of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009), *aff'd*, 406 F. App'x 507 (2d Cir. 2010).  As Plaintiff does not identify the state in which he is domiciled, the Complaint fails to adequately allege Plaintiff's citizenship.

Second, the Complaint fails to plead the citizenship of each of the constituent members of Empanada Mama LLC and Hermes 558 LLC.  The Complaint therefore ignores that, for diversity purposes, an LLC is a citizen of every state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) ("[F]or purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership" (citation omitted)); *Dumann Realty, LLC v. Faust*, No. 09-CV-7651, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013) (recognizing that an LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of different states than *all* opposing parties" (emphasis in original)); *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F.

Supp. 3d 408, 410 (E.D.N.Y. 2020 ("[I]f any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC."). The Complaint fails to identify the membership of the LLC Defendants, and thus fails to allege their citizenship.

Third, as to Defendant 558 Seventh Ave Corp, Plaintiff identifies that it is "duly organized and existing under and by virtue of the laws of the State of New York," (Compl. ¶ 7), which I understand to mean that it is incorporated in New York. However, Plaintiff must also identify 558 Seventh Ave Corp's principal place of business. *See ConnTech Dev. Co. v. Univ. of Connecticut Educ. Properties, Inc.*, 102 F.3d 677, 681 (2d Cir. 1996) ("A corporation is considered 'a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" (quoting 28 U.S.C. § 1332(c)(1))). The Supreme Court has defined a corporation's principal place of business as "the place where a corporation's officers direct, control, and coordinate the corporation's activities," often referred to as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Merely alleging that 558 Seventh Ave Corp maintains an address in New York is insufficient to show that the corporation's principal place of business in in New York, and thus the Complaint fails to allege 558 Seventh Ave Corp's citizenship.

When a complaint fails to plead subject-matter jurisdiction, courts are obligated to dismiss it sua sponte. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *cf. Bodhi Bldg. v. Elmsford Chicken, LLC*, No. 21-CV-919, 2021 WL 466009, at *3 (S.D.N.Y. Feb. 9, 2021) (dismissing action for failure to allege citizenship of each member of limited liability company); *Laufer Wind*

*Grp. LLC v. DMT Holdings LLC*, No. 10-CV-8716, 2010 WL 5174953 (S.D.N.Y. Dec. 20, 2010) (same).

      Accordingly, Plaintiff's Complaint, (Doc. 1), is DISMISSED without prejudice and with leave to replead.  Plaintiff has thirty (30) days to file an Amended Complaint that properly asserts subject-matter jurisdiction.  If Plaintiff fails to submit an Amended Complaint within that time frame, the Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated: July 2, 2025
      New York, New York

*/s/ Vernon Broderick*
Vernon S. Broderick
United States District Judge